|   |   |
|---|---|
| MICHAEL JERRY DUANE MCGEE, II,<br><br>Plaintiff,<br><br>v.<br><br>MADERA TOYOTA, CHEVERLET, *et al.*,<br><br>Defendants. | Case No.: 1:25-cv-00704-CDB (PC)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING PAYMENT OF INMATE FILING FEE BY THE MADERA COUNTY SHERIFF<br><br>(Doc. 2)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AS FRIVOLOUS, FOR FAILURE TO STATE A CLAIM, AND FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1)<br><br>**14-DAY OBJECTION PERIOD**<br><br><u>Clerk of the Court to Assign District Judge</u> |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Michael Jerry Duane McGee, II ("Plaintiff"), an inmate at the Madera County Jail, proceeds pro se in this civil action. Plaintiff initiated this action with the filing of a complaint on June 9, 2025, asserting a violation of the Federal False Claims Act, 31 U.S.C. § 3729, against Defendants Madera Toyota, Cheverlet ("Madera Toyota"), Lauren Millard, Ricardo Rodriguez, and Ray Millard (collectively, "Defendants"). (Doc. 1). That same day, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP"). (Doc. 2).

Upon screening of the complaint, the undersigned finds it is frivolous and fails to state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. §§ 1915-(e)(2)(B)(i)–(ii) and 28 U.S.C. § 1915A(b)(1). The undersigned further finds the deficiencies in the complaint cannot be cured by amendment and therefore recommends dismissal of this action without extending leave to amend.

**I.     Order Granting Application to Proceed *In Forma Pauperis***

Plaintiff has made the showing required by 28 U.S.C. § 1915(a) and accordingly, the request to proceed *in forma pauperis* will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account. The Madera County Sheriff is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006)).

**III.   Pleading Requirements**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. (*Id.* at 512).

  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" (*Id.* (quoting *Twombly*, 550 U.S. at 570)). Plausibility does not require probability, but it requires more than the "sheer possibility" of a defendant's liability. (*Id.* (quoting *Twombly*, 550 U.S. at 556)). A claim is plausible when the facts pleaded allow the court to make reasonable inferences that the defendant is liable for wrongful conduct. (*Id.*). However, a court "is not required to indulge unwarranted inferences." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

  The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations of official misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. DISCUSSION

### A. Plaintiff's Complaint[1]

The complaint asserts the Court has jurisdiction over this action pursuant to the Federal False Claims Act, 31 U.S.C. § 3729. (Doc. 1 at 1). Plaintiff names as Defendants Madera Toyota, Cheverlet, and its employees, including general manager Lauren Millard, operations manager Ray Millard, and parts manager Ricardo Rodriguez. (*Id.* at 2). In his request for relief, Plaintiff seeks

---

[1] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

3

1   $5 million in damages for violations of his civil rights, wrongful incarceration, and false accusations
2   against him. (*Id.* at 4). The complaint is signed and dated June 2, 2025. (*Id.*).

3         Plaintiff asserts a single claim for violation of his rights under the Federal False Claims Act.
4   (*Id.* at 3). He alleges that he took his vehicle (Chevy Silverado) to Defendants' dealership for a
5   transmission repair as he "had a dealership warranty" and an insurance claim "with full coverage
6   insurance." Plaintiff alleges after Defendants kept his vehicle over 60 days without "fixing
7   anything[,]" he asked for a rental vehicle which was provided for five days and Plaintiff "would be
8   charged for each additional day after." Plaintiff alleges that his phone was stolen and Defendants
9   "could not get a hold of [him] for a couple of days and decided to report the rental stolen." After
10  Defendants received return of the vehicle, Plaintiff went to recover his truck and "nothing [was]
11  done to repair [his] vehicle." Plaintiff was notified that a payment would be required and
12  Defendants refused Plaintiff from getting his vehicle and "only allowed [him to retrieve his]
13  property that was in the rental [vehicle]." Defendants gave Plaintiff a bill of $7,600 and ten days
14  to pay "or they will place a lien on [his] vehicle and keep it." Three days later, Plaintiff requested
15  an invoice for payment to pickup his vehicle. One of the Defendants "stated no payment was
16  needed" and that Plaintiff could pick up his vehicle and Defendants "won't do [anymore] business
17  with [Plaintiff] in the future." Plaintiff alleges he "was incarcerated and now ha[s] a felony on [his]
18  record and put on felony probation … still without transportation." (*Id.*).

19      **B.**    **Analysis**

20      Upon preliminary screening, the undersigned finds the complaint is frivolous and fails to
21  state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. §§
22  1915(e)(2)(B)(i)–(ii) and 28 U.S.C. 1915A(b)(1).

23      The Federal False Claims Act ("FCA") prohibits anyone from knowingly submitting false
24  claims to the federal government or knowingly causing another to submit such false
25  claims. *Lavelle v. CL West Management LLC, Inc.*, No. 2:21-CV-0170-TOR, 2022 WL 10613342,
26  at *7 (E.D. Wash. Oct. 18, 2022) (citing 31 U.S.C. § 3729(a)(1)(A)). The FCA "creates a cause
27  of action for the United States to recover economic losses incurred from fraudulent claims for
28  payment." *Ali Stevenson v. Curnel*, Case No. 1:17-cv-00764-LJO-SAB (PC), 2017 WL 3284795,

at *5 (E.D. Cal. Aug. 2, 2017) (citing 31 U.S.C. § 3729). To prevail, a plaintiff "must demonstrate (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *Lavelle*, 2022 WL 10613342, at *7 (citing *U.S. ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 902 (9th Cir. 2017)). The Attorney General is a proper plaintiff to pursue such a claim on behalf of the federal government, or alternatively, under the statute's "qui tam" provision, a private whistleblower "relator" who has evidence of fraud may assert the government's claim on its behalf. *Curnel*, 2017 WL 3284795, at *5.

"The Ninth Circuit has repeatedly held that pro se plaintiffs are prohibit[ed] from pursuing claims on behalf of others, and specifically may not prosecute False Claims qui tam actions on behalf of the United States without retaining licensed counsel." *Pierce v. Cal. Dep't of Corrs.*, Case No. 1:15-cv-00482-BAM (PC), 2015 WL 6081905, at *1 (E.D. Cal. Oct. 13, 2015) (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)).

Here, Plaintiff, proceeding pro se, is prohibited from asserting any claims under the FCA individually and particularly on behalf of the federal government. (*Id.*). The complaint does not provide sufficient factual allegations to show he is a proper plaintiff under the Act as a private whistleblower-relator with evidence of fraud to assert the government's claim on its behalf or that the Attorney General is a proper party-plaintiff in this action to pursue the asserted claim. Indeed, the complaint is void of any factual allegations that show the named Defendants' liability under the Act and does not allege any evidence of fraud such that the federal government's interest or involvement in this matter is or will become apparent. *See Curnel*, 2017 WL 3284795, at *5 ("Plaintiff invokes the [FCA], but it is not entirely clear from the face of the complaint what he is claiming. . .. Plaintiff's conclusory allegations fail to state a claim … under the [FCA]."). Thus, the undersigned finds the complaint fails to assert a claim under the FCA.

After careful consideration of Plaintiff's allegations, including the parties involved and the damages sought, it appears Plaintiff is unable to assert any other cognizable legal theory supported by facts. Plaintiff's generalized allegations that he was incarcerated do not make clear the circumstances of the conduct of any of the named Defendants that led to the purported violations

of Plaintiff's civil rights. Further, it appears that Plaintiff is unable to invoke diversity jurisdiction over his claims in this Court given the parties here—all residing within the State of California (*see* Doc. 1 at 1, 2)—are not diverse. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (citation omitted); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996) ("28 U.S.C. § 1332(a) … applies … to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). Because the complaint lacks any other cognizable legal theory supported by facts, and it does not appear the Court has subject matter jurisdiction over the matter, it is frivolous such that the undersigned recommends this action be dismissed with prejudice.

### C.   Leave to Amend

Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(2). However, district courts are only required to grant leave to amend if a complaint can be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). When a complaint cannot be cured by additional facts, leave to amend need not be provided. *Doe v. United States*, 58 F.3d 494, 397 (9th Cir. 1995).

Because the complaint fails to assert any cognizable claim and it does not appear the jurisdictional errors can be cured by further amendment, the undersigned finds that the complaint is frivolous and that further leave to amend would be futile. Accordingly, the undersigned recommends that this action be dismissed with prejudice without leave to amend.

### V.   Conclusion, Order, and Recommendations

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Clerk of the Court is DIRECTED to assign a district judge to this action;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED;
3. **The Madera County Sheriff or his designee SHALL collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the**

**account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action;**

4. The Clerk of the Court is DIRECTED to serve a copy of this order and a copy of Plaintiff's *in forma pauperis* application on the Madera County Sheriff located at 195 Tozer St., Madera, CA 93638;

5. The Clerk of the Court is DIRECTED to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division; and

6. **Within sixty (60) days** of the date of service of this order, Plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, if Plaintiff has not already done so.

Further, **IT IS HEREBY RECOMMENDED** that:

1. This action be DISMISSED WITH PREJUDICE for frivolousness, failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any

///

///

///

7

objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**June 13, 2025**__   _____
UNITED STATES MAGISTRATE JUDGE